IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESLIE L. KING, § | | |
| TDCJ #1207346, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-3442 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

Leslie L. King is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254 to challenge a state court felony conviction. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be **dismissed** because it is apparent that the petitioner has failed to exhaust available state court remedies.

**I.    BACKGROUND**

King reports that he was convicted on December 4, 2003, following a jury trial in cause number 946675, of aggravated robbery with a deadly weapon. As a result, the 248th District Court of Harris County, Texas, sentenced King to serve thirty years in prison. That conviction was recently affirmed on appeal. *See King v. State*, 157 S.W.3d 873 (Tex. App.

— Houston [14th Dist.] Feb. 8, 2005, pet. ref'd).

King now seeks federal habeas corpus relief from his state court conviction.[1] A review of the pleadings shows, however, that the state courts have not yet completed their review of his conviction. King indicates that he filed a state habeas corpus application with the trial court on August 25, 2005, raising the same claims that he submits here. (Docket Entry No. 1, ¶ 11 at p. 4). According to King, this application remains pending and there has been no final ruling yet by the Texas Court of Criminal Appeals. Thus, it is evident that King has not yet exhausted all of his state court remedies as required before seeking federal habeas corpus relief.

## II.     EXHAUSTION OF REMEDIES

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion reflects a policy of federal/state comity. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). This exhaustion requirement, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), provides in pertinent part as follows:

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or

---

[1] King's pending federal habeas corpus petition was executed by him on October 1, 2005, indicating that he placed his pleadings in the mail on that same day. (Docket Entry No. 1).

(B)(i)   there is an absence of available State corrective process; or

    (ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * *

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c). Exhaustion of state remedies is so important that federal courts may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claim to the state courts. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)); *see also Baldwin v. Reese*, 540 U.S. —, 124 S. Ct. 1347, 1351 (2004). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas).

The exhaustion requirement is not met where the petitioner presents new legal theories or factual claims in his federal habeas petition. *See Finley*, 243 F.3d at 219 (citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)). Likewise, "the policies of comity and federalism underlying the exhaustion doctrine" require that "new factual allegations in support of a previously asserted legal theory" be first presented to the state court. *Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir.), *cert. denied*, 479 U.S. 1010 (1986); *see also Graham v. Johnson*, 94 F.3d 958, 968-69 (5th Cir. 1996). Further, the Fifth Circuit has emphasized that, to exhaust a claim, "[i]t is not enough . . . that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

It is plain from the pleadings that the Texas Court of Criminal Appeals has not yet decided the issues raised in the pending petition and supporting memorandum. Further, the petitioner has not alleged or demonstrated that he has satisfied either of the two statutory exceptions to the exhaustion doctrine. It follows that the petitioner has presented unexhausted claims and that his petition is therefore subject to dismissal as premature.

### III.  CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S.

1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this

case was correct. Accordingly, a certificate of appealability will not issue in this case.

**IV.    CONCLUSION**

For these reasons, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 3) is **GRANTED**.

2. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies as required by 28 U.S.C. § 2254(b).

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **October 12, 2005.**

_____
Nancy F. Atlas
United States District Judge